**Tayr Kilaab Al GHASHIYAH, et al., Petitioners–Appellants,**

**v.**

**Daniel BERTRAND, Respondent–Appellee.**

**Nos. 01–4034, 01–4195.**

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002.*

Decided July 29, 2002.

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

In 1989, the Wisconsin legislature created the Special Action Release parole program ("SAR") to address overcrowding in the state's prisons. *See* Wis. Stat. § 304.02 (West 1990). Through SAR, prisoners can obtain the opportunity for early release if they meet enumerated statutory criteria. *Id.* In addition, § 304.02 directs the Wisconsin Department of Corrections ("DOC") to establish its own regulations for selecting inmates for release through an administrative procedure. The DOC obliged by drafting Wis. Admin. Code § DOC 302.32(3)(a)(4).

In this consolidated appeal from the denial of a 28 U.S.C. § 2254 petition, four Wisconsin prisoners claim to be entitled to release under SAR. The petitioners admit that they do not satisfy either the statutory or DOC regulatory criteria. But, they say, the DOC's § 302.32 perverts the legislature's parole program because its criteria is more exclusionary than the legislature intended. If the DOC had promulgated appropriately broad criteria, claim the petitioners, they would have satisfied the criteria and been released. They therefore asked the district court to order the release to which § 304.02 allegedly entitled them.

The district court parsed § 304.02's language in detail and decided that the statute vested discretion in DOC officials to determine which prisoners could participate in SAR. Therefore, ruled the district court, the statute did not create a constitutionally protected right or entitlement to parole or early release. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 11–12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (prisoner's interest in parole has no due process protection unless state creates right or entitlement to parole, as opposed to hope or expectation). Without a constitutionally protected right,

petitioners did not have a cognizable claim to habeas corpus relief. *Id.* at 7. Pursuant to Rule 4 of the Rules Governing § 2254 Petitions, the district court dismissed the case.

Because the court resolved this case under Rule 4, the respondent did not appear in the case below. On appeal, however, the state challenges the petitioners' standing to assert their § 2254 claim. We address this issue before turning to the merits because standing is a jurisdictional question. *See United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

■ The respondent contends that the petitioners lack standing because they were all convicted of "assaultive crimes"; both the SAR statute and DOC regulations expressly exclude prisoners convicted of assaultive crimes from the SAR program. *See* Wis. Stat. § 304.02; Wis. Admin. Code § DOC 302.32(3)(a)(4). Therefore, argues the respondent, the petitioners were never eligible for SAR and they could not be harmed by the DOC's allegedly infirm administration of it. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (standing requires plaintiff to have suffered "injury in fact").

■ The respondent's contention misses a subtlety of the petitioners' argument. The petitioners do not claim to be entitled to release under SAR as it now stands. Rather, they claim that the Wisconsin legislature's express intent in § 304.02 requires the DOC's regulations to be rewritten so that they would be entitled to release under SAR. They challenge SAR's current parameters exactly because the program's regulations were written to exclude them, and that gives them standing. *See City of Chicago v. Lindley,* 66 F.3d 819, 828 n. 11 (7th Cir.1995) (city had

standing to challenge state agency's allegedly discriminatory implementation of federal statute because implementation caused it harm). Thus, the petitioners have standing.

As to the merits of the petitioners' claims, the district court's decision was admirably reasoned and thorough. Having reviewed the record and petitioners' appellate arguments, we adopt the district court's opinion rejecting the petitioners' contention that they are entitled to participate in SAR. As the district court recognized, nothing in § 304.02 entitles the petitioners to early release or required the DOC to draft its SAR criteria so that the petitioners would be so entitled.

AFFIRMED.